The Honorable Joann Flower State Representative, Forty-Seventh District State Capitol, Room 426-S Topeka, Kansas 66612-1504
Dear Representative Flower:
You request our opinion regarding the authority of the legislature to include houseboats within the definition of "recreational vehicle" for purposes of differential property tax treatment.
Article 11, section 1 of the Kansas constitution provides in part as follows:
 "Except as otherwise hereinafter specifically provided, the legislature shall provide for a uniform and equal basis of valuation and rate of taxation of all property subject to taxation. The legislature may provide for the classification and the taxation uniformly as to class of recreational vehicles, as defined by the legislature, or may exempt such class from property taxation and impose taxes upon another basis in lieu thereof. . . ."
The constitution does not define the term "recreational vehicles," but specifically leaves to the legislature the responsibility of defining the class of recreational vehicles subject to differential treatment.
In a recent decision regarding similar language in the constitutional provision authorizing the legislature to license and regulate "games of `bingo,' as defined by law" (Kan. Const., art. 15, sec. 3a), the Kansas Supreme Court held that while "the Kansas Constitution grants the legislature broad powers to define games of bingo," in doing so "definitions adopted by the legislature must bear a reasonable and recognizable similarity to traditional bingo and other type games." State, ex rel. Stephanv. Parrish, No. 71,105, syl. para. 5 (Dec. 22, 1994). Following the rules of constitutional construction set forth in ColoradoInterstate Gas Co. v. Board of Morton County Comm'rs, 247 Kan. 654
(1990) that "[i]n ascertaining the meaning of a constitutional provision, the primary duty of the courts is to look to the intention of the makers and adopters of that provision" and "examine the language used and consider it in connection with the general surrounding facts and circumstances that caused the amendment to be submitted," the Court looked to the legislative history attending passage of the bingo amendment and the enactment of subsequent implementing legislation. Id. at 9, 12-15. After reviewing these circumstances and legislative, executive and judicial interpretations at or near the time of the bingo amendment's passage, the court concluded that the common understanding of the term could be derived from those interpretations and that the legislature could not deviate significantly from this understanding of the common characteristics of "bingo" when defining "games of bingo" for purposes of article 15, sec. 3a.
Based on the court's analysis in State v. Parrish, we must determine the common understanding of the term "recreational vehicles" as used in article 11, sec. 1 at the time of its adoption. Unfortunately, there is no recorded legislative history for this particular provision. The language regarding recreational vehicles was added to 1992 house concurrent resolution 5007 by a senate committee with no discussion of its meaning. Minutes, Senate Committee on Assessment and Taxation, May 6, 1992. A similar provision was added to 1992 senate concurrent resolution 1630, but that amendment was made on the floor of the senate on final action without any recorded discussion. 1992 Journal of the Senate 1664, April 3, 1992.
Legislation enacted to implement the constitutional provision regarding recreational vehicles defines the term as:
 "[A] vehicular-type unit built on or for use on a chassis and designed primarily as living quarters for recreational, camping, vacation or travel use and which has its own motive power or is mounted on or drawn by another vehicle, and which has a body width not exceeding 102 inches and a body length not exceeding 45 feet; but such term shall not include a unit which has no electrical system which operates above 12 volts and has no provisions for plumbing, heating and any other component or feature for which a standard is adopted by the uniform standards code for mobile homes and recreational vehicles, K.S.A. 75-1211 through 75-1225, and amendments thereto." K.S.A. 1994 Supp. 79-5118.
Houseboats do not have chassis and thus would not be contemplated by this definition.
Additionally, statutory and dictionary definitions existing at the time the constitutional provision for recreational vehicles was adopted did not include houseboats within their parameters. K.S.A. 75-1212(f) defines recreational vehicle in much the same way as K.S.A. 1994 Supp. 79-5118. K.S.A. 41-2601(o) defines recreational vehicle in relation to K.S.A. 75-1212. Both refer to vehicles on or for use on a chassis. Neither has been amended since the time the recreational vehicle amendment to article 11, sec. 1 was adopted. K.S.A. 75-1220 refers to an American national standards committee standard for recreational vehicles which defines that term as "[a] vehicular unit primarily designed as temporary living quarters for recreational, camping or travel use which either has its own motive power or is mounted on or drawn by another vehicle. The basic entities are travel trailer, camping trailer, truck camper and motor home." ANSI No. A119.2-10 1975. The listed entities are either mounted on wheels, built on or attached to a chassis, or designed to be loaded onto a pick-up truck. Id. The American Heritage Dictionary defines recreational vehicle as "[a] vehicle, as a camper or a motor home, used for traveling and recreational activities," p. 1035 (2d College Ed. 1985). Webster's Encyclopedic Unabridged Dictionary defines "RV" or "recreational vehicle" as "a van or other utility vehicle, usually used for camping and equipped with living facilities," p. 1256 (1989). These definitions do not appear to contemplate houseboats either.
Finally, it is our understanding that the constitutional amendment was the result of an initiative by the Kansas Manufactured Housing Association and that it was not the intent of that association in having the amendment introduced that it apply to houseboats.
Based on this set of circumstances attending the passage of the recreational vehicle amendment to article 11, sec. 1 of the constitution, it is our opinion that the legislature may not include houseboats in the definition of "recreational vehicles" for purposes of differential property tax treatment.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm